NO SUMMONS ISSUED

FILED
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK 2011 AUG -4  PM 4: 30

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

-------------------------------------------------------- x

CHARLES M. CERNY,

                 Plaintiff,

        -against-

GREG F. RAYBURN, MICHAEL TUCKER, FTI
CONSULTING, NANCY MITCHELL,
GREENBERG TRAURIG, SILVER POINT
FINANCE, JOHN DOE #1 THROUGH 20

                 Defendants.

-------------------------------------------------------- x

**NOTICE OF REMOVAL
PURSUANT TO 28 U.S.C. § 1452**

11 - 2709

GLEESON, J.

POHORELSKY, M.J.

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that, defendants Greenberg Traurig, LLP ("Greenberg Traurig") and Nancy Mitchell ("Ms. Mitchell") (collectively "Removing Defendants"), by their undersigned counsel, file this Notice of Removal pursuant to 28 U.S.C. § 1452 removing this entire action from the Supreme Court of the State of New York, County of Kings, to the United States District Court for the Eastern District of New York. This Court has original jurisdiction of this matter pursuant to 28 U.S.C. § 1334(b).

In support of this Notice of Removal, the Removing Defendants state as follows:

**The Summons with Notice**

1.      On or about July 7, 2011, plaintiff Charles M. Cerny ("Cerny") commenced a civil action by filing a Summons with Notice in the Supreme Court of the State of New York, County of Kings, captioned *Cerny v. Rayburn, et al.*, Index No.15367/2011 (the "Summons").

See Exhibit A hereto. No complaint or other paper has been filed.[1] The defendants include Greenberg Traurig, a law firm, and Nancy Mitchell, who is an attorney at Greenberg Traurig, as well as several other persons and entities.

2.    The Summons states that Cerny seeks money damages and equitable relief for breach of fiduciary responsibilities, negligence and other alleged wrongful conduct of defendants.

3.    The Summons describes the claims asserted and wrongful conduct alleged as "all concerning Syntax Brillian Corporation, including but not limited to its bankruptcy filing and the associated cases." The Summons further alleges "justifiable reliance thereon by the plaintiff and the Bankruptcy Court" of supposed misrepresentations. See Exhibit A, Summons at p. 2.

4.    Although not stated in the Summons, Cerny is a shareholder of Syntax Brillian Corporation ("Syntax"), a Delaware company with its principal place of business in Arizona. Syntax was a publicly traded company before its bankruptcy filing as further described below.

5.    The Removing Defendants had and have no relationship with Cerny. Rather, the Removing Defendants acted as counsel of record for Syntax in the bankruptcy proceeding. Thus, Cerny can have no claims against the Removing Defendants, and has no standing to bring the purported claims described in the Summons against the Removing Defendants since those claims (if any) would belong to the bankrupt estate. *See, e.g., Murray v. Metropolitan Life Ins. Co.*, 583 F.3d 173, 177 (2d Cir. 2009) ("outside counsel to a corporation represents the corporation, not its shareholders or other constituents."); *Eurycleia Partners, L.P. v. Seward & Kissel, LLP*, 12 N.Y.

---

[1]    New York state practice permits the commencement of an action with the filing of a Summons with Notice, i.e. without a complaint. New York Civil Practice Law and Rules ("CPLR") 305(b). The complaint must then be served within 20 days of appearance by the defendant. CPLR 3012(b).

MEI 12041966v.2

3d 553 (2009) ("a corporation's attorney represents the corporate entity, not its shareholders or employees."). *See also: Schroeder v. Hudgins*, 142 Ariz. 395, 398 (Ct. App. Div. 1, 1984); *Milner v. Anders*, 2001 U.S. Dist. LEXIS 6227, *13-15 (D.Del. May 10, 2001) (attorney for business association is not attorney for its members); *SBC Interactive, Inc. v. Corporate Media Partners*, 1997 Del.Ch. LEXIS 170, *12 (Del.Ch. Dec. 9, 1997) (counsel for partnership is not counsel for partners).

6.      Greenberg Traurig was bankruptcy counsel of record for Syntax in its bankruptcy case captioned *In re: Syntax Brillian Corporation, et al.*, Case No. 08-11407 (BLS) (Bankr. D. Del.). Ms. Mitchell, an attorney at Greenberg Traurig, served as counsel for Syntax in that case.

7.      The other defendants here also were involved in the Syntax bankruptcy case. Defendant FTI Consulting is a consulting firm that provided restructuring and management services, including temporary executive and other personnel, to Syntax during the period immediately preceding the Syntax bankruptcy filing and during its bankruptcy case. Defendants Greg F. Rayburn and Michael Tucker were employees of FTI Consulting who served as interim executives of Syntax during the bankruptcy. Defendant Silver Point was a prepetition secured creditor of Syntax and was a secured lender for the debtor-in-possession financing received by Syntax during the bankruptcy proceeding.

**The Bankruptcy Proceeding**

8.      In July 2008, Syntax filed for bankruptcy pursuant to chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court, District of Delaware. The Bankruptcy Court approved Syntax's chapter 11 liquidating plan a year later in July 2009. The Bankruptcy

3

Court has retained jurisdiction over matters pertaining to Syntax's bankruptcy and has continued to oversee its bankruptcy to date.

9.      Several adversary proceedings have also been filed in connection with the Syntax bankruptcy.

10.     As a shareholder of Syntax, Cerny, acting *pro se*, submitted several objections, motions and otherwise actively participated in the Syntax bankruptcy case. The Bankruptcy Court has already considered Cerney's various submissions and made determination as to them.

## Grounds for Removal Pursuant to 28 U.S.C. § 1452

11.     Under 28 U.S.C. § 1452(a), "[a] party may remove any claim or cause of action in a civil action ... to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under § 1334 of this title." Under 28 U.S.C. § 1334(b), this Court has jurisdiction to hear all civil proceedings "arising under title 11, or arising in or related to cases under title 11," which is the Bankruptcy Code.

12.     This action also "arises in" the Syntax bankruptcy case because, according to the Summons, the purported claims **"all concern**[] Syntax Brillian Corporation, including but not limited to **its bankruptcy filing and the associated cases."** The Summons also alleges reliance by the Bankruptcy Court on supposed misrepresentations. See Exhibit A, Summons at p. 2. *Baker v. Simpson*, 613 F.3d 346, 350 (2nd Cir. 2010), *cert. denied*, 2011 U.S. LEXIS 533 (2011) (debtor's claims against attorneys for alleged misconduct in bankruptcy case "arise in" in the bankruptcy case); *Grauz v. Englander*, 321 F.3d 467, 471 (4th Cir. 2003) (same). *See also: Geruschat v. Ernst & Young LLP*, 505 F.3d 237, 260-63 (3rd Cir. 2007) (debtors' claims against

4

accountant for alleged misconduct in bankruptcy case "arise in" the bankruptcy case); *Southmark Corp. v. Coopers & Lybrand*, 163 F.3d 925 (5th Cir. 1999), *cert. denied*, 527 U.S. 104 (1999) (same).

13. For the same reason, this action also "arises under title 11." *Billing v. Ravin, Greenberg & Zadin, P.A.*, 22 F.3d 1242, 1244 (3rd Cir. 1994) (affirming district court's determination that action by debtors against their bankruptcy counsel based on counsel's conduct in the bankruptcy case "arose under title 11 because of the claims' connection with the debtors' bankruptcy filing").

14. At a minimum, this action is "related to" the Syntax bankruptcy case because the outcome of this action [a] could conceivably have an effect on the bankrupt estate, [b] could alter the debtor's rights, liabilities, options or freedom of action and [c] impacts upon the handling and administration of the bankrupt estate. *Pacor v. Higgins*, 743 F.2d 984, 994 (3rd Cir. 1984); *W.R. Grace & Co. v. Chakarian*, 591 F.3d 164 (3rd Cir. 2009); *City of Ann Arbor Emps.' Ret. Sys. v. Citigroup Mort. Loan Trust Inc.*, 572 F. Supp. 2d 314, 317-18 (E.D.N.Y. 2008); *In re Semcrude, L.P.*, Case No. 08-11525 (BLS), (Bankr. Del., Dec. 13, 2010). The court may be called upon to determine whether Cerny has standing to bring the claims purportedly asserted, whether those claims belong to the bankrupt estate, whether those claims are barred by Syntax's liquidating plan, who (if anyone) may bring those claims and indeed if those claims should be brought at all.

**Core Proceeding**

15. As required by Fed. R. Bankr. P. 9027(a)(1), the Removing Defendants state that the claims purportedly asserted against them constitute a core proceeding within the meaning of 28 U.S.C. § 157(b). *Baker*, 613 F.3d at 351 (claims against bankruptcy counsel constitute a core

proceeding); *Geruschat*, 505 F.3d at 260-63 (debtors' claims against bankruptcy accountant constitute a core proceeding); *Billing*, 22 F.2d 3d at 1245 and 1250 (debtors' claims against their bankruptcy counsel constitute a core proceeding).

**Timeliness**

16.     The Removing Defendants timely filed this Notice of Removal within 30 days of receipt of the Summons in accordance with 28 U.S.C. § 1446(b) and Fed. R. Bankr. P. 9027(a)(3). The Removing Defendants received a copy of the Summons no earlier than July 15, 2011. No other process, pleading or orders have been received by, or served upon, the Removing Defendants other than the Summons attached as Exhibit A hereto.

17.     The Removing Defendants will promptly serve a copy of this Notice of Removal upon Cerny and all other parties and file a copy of this Notice of Removal with the Clerk of the Court for the Supreme Court of the State of New York, County of Kings, in accordance with 28 U.S.C. § 1446(d) and Fed. R. Bankr. P. 9027(b) and (c).

**Motion to Transfer**

18.     The Removing Defendants anticipate submitting promptly a motion to transfer venue to the District of Delaware, where the Syntax bankruptcy case is pending. *Covanta Onondaga Ltd. v. Onondaga County Resources Recovery Agency,* 281 B.R. 809, 812-13 (Bankr. N.D.N.Y. 2002) (a party "must first remove the state action to the district in which the state action was filed, and then move to transfer venue to the district in which the bankruptcy case is pending").

MEI 12041966v.2

19.     By filing this Notice of Removal, the Removing Defendants do not waive any defenses that may be available to them.

WHEREFORE, the Removing Defendants respectfully request that this action be removed from the Supreme Court of the State of New York, County of Kings, to the United States District Court for the Eastern District of New York and grant them such other and further relief as the Court deems just and proper.

Dated: August 4, 2011                         MCCARTER & ENGLISH, LLP

                                              By

                                              Justin Y.K. Chu (JC-7810)
                                              245 Park Avenue, 27th Floor
                                              New York, New York 10167
                                              (212) 609-6800 (phone)
                                              (212) 609-6921 (fax)

                                              *Counsel for Greenberg Traurig, LLP and*
                                              *Nancy Mitchell*

7

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

----------------------------------------------------------------- x

CHARLES M. CERNY

                        Plaintiff

          - against-

GREG F. RAYBURN, MICHAEL TUCKER,
FTI CONSULTING, NANCY MITCHELL,
GREENBERG TRAURIG, SILVER POINT FINANCE
JOHN DOES #1 through 20

                Defendant (s)

----------------------------------------------------------------x

Index No. 15767/11 2011

Date Purchased   July 7, 2011

SUMMONS WITH NOTICE

Plaintiff Designates Kings
County as the Place of Trial

The Basis of Venue is
Residence of Plaintiff

Plaintiff Resides at
2211 Bragg St., Apt. 3G
Brooklyn, New York 11229

To the above named Defendants:

    ***YOU ARE HEREBY SUMMONED*** to serve a Notice of Appearance, on the Plaintiff within 20 days after the service of this Summons, exclusive of the day of service, or within 30 days after service is complete if this Summons is not personally delivered to you within the State of New York; and in case of your failure to appear, judgment will be taken against you by default for the relief demanded in the Notice set forth below.

Dated: Brooklyn, New York
July 7, 2011

                                    Charles M. Cerny
                                    Plaintiff/Pro Se
                                    2211Bragg St. Apt 3G
                                    Brooklyn, New York 11229
                                    718- 648-4727

NOTICE:  The nature of this action includes but is not limited to recovering money damages, and other relief, as may be equitable, for and among other things, breach of fiduciary

1

KINGS COUNTY CLERK
RECEIVED

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

2011 JUL -7 AM 11: 20

-------------------------------------------------------------- x

CHARLES M. CERNY

Index No.            /11

Plaintiff

Date Purchased   July 7, 2011

- against-

SUMMONS WITH NOTICE

Plaintiff Designates Kings
County as the Place of Trial

GREG F. RAYBURN, MICHAEL TUCKER,
FTI CONSULTING, NANCY MITCHELL,
GREENBERG TRAURIG, SILVER POINT FINANCE
JOHN DOES #1 through 20

The Basis of Venue is
Residence of Plaintiff

Defendant (s)

Plaintiff Resides at
2211 Bragg St., Apt. 3G
Brooklyn, New York 11229

-------------------------------------------------------------- X

To the above named Defendants:

**YOU ARE HEREBY SUMMONED** to serve a Notice of Appearance, on the Plaintiff within
20 days after the service of this Summons, exclusive of the day of service, or within 30 days after
service is complete if this Summons is not personally delivered to you within the State of New
York; and in case of your failure to appear, judgment will be taken against you by default for the
relief demanded in the Notice set forth below.

Dated: Brooklyn, New York
July 7, 2011

Kings County Clerk's Office
Paym 2349915 07/07/2011 11:21a

Tr.2717998                          $210.00
Other
15367/2011 CERNY, CHARLES M. vs.

Total:                              $210.00

Check                               $210.00

NOTICE:  The nature of this action includes but is not limited to recovering money damages,
and other relief, as may be equitable, for and among other things, breach of fiduciary

1

responsibilities, negligence, duty and loyalty owed by the Defendants to the Plaintiff, and for fraud based on misrepresentation of material facts, falsity of said material facts, aiding and abetting in the fraud & breaches.  All concerning Syntax Brillian Corporation, including but not limited to its bankruptcy filing and the associated cases.

Knowledge by the defendants that said material facts were false, justifiable reliance thereon by the plaintiff and the Bankruptcy Court, damages sustained by the plaintiff based on reliance thereon.

The relief sought includes but is not limited to a money judgment in favor of the plaintiff in an amount not to be less than Five (5) Million Dollars, plus associated Court costs, expenses and attorney fees; and other relief as may be just.  Jury trial demanded.  Pro Se allowances for the plaintiff.  Allow Ahmed Amr, Cliff Buxbaum, Doug Smith and Caroline Kushner to combine with this action if they desire, or for a class action if appropriate.

Plaintiff designates Kings County, New York as the place of trial.  The Basis of this designation is plaintiff resides in Kings County and defendants do business in New York State.


Defendants reside:

Greg F. Rayburn                              Michael Tucker
c/o Kobi Partners                            c/o FTI Consulting
819 Oaklawn Ave.                             3 Times Square, 9th Fl
Winston-Salem, NC  27104                     New York, NY  10036

FTI Consulting
3 Times Square
9th Floor
New York, NY 10036

Nancy Mitchell                               Greenberg Traurig
c/o Greenberg Traurig                        MetLife Bldg
MetLife Building                             200 Park Avenue
200 Park Avenue                              New York, NY 10166
New York, NY 10166

Silver Point Finance, LLC
Two Greenwich Plaza, 1st Floor
Greenwich, CT 06830-6353

John Doe's #1 through 20
Addresses unknown

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS                                        INDEX                    /11

---

CHARLES M. CERNY

                                                                    Plaintiff

                        - against –

GREG F. RAYBURN, MICHAEL TUCKER,
FTI CONSULTING, NANCY MITCHELL,
GREENBERG TRAURIG, SILVER POINT FINANCE
JOHN DOES #1 through 20

                                                                    Defendants

---

SUMMONS WITH NOTICE

---

                        CHARLES CERNY
                        PLAINTIFF, Pro Se
                        2211 BRAGG ST. Apt. 3G
                        BROOKLYN, NEW YORK 11229
                        718-648-4727